And I'm going to go ahead and call the third case, but again, give you time to to get your stuff and then for the next group to get set up. PBT Real Estate, LLC v. Town of Palm Beach. We have John Polenberg for the appellant and Edward Dion for the appellant. Mr. Polenberg, you may proceed. May it please the court, John Polenberg on behalf of PBT Real Estate, LLC. And let me ask one question of Ms. Tisa. Are they at 13 minutes? Okay, there we go. Okay. Thank you. Sorry. Please proceed. No problem. And it's my honor to be before the court live for this argument. It's a, as you mentioned, it's great to be back in court. So I'm going to divide my presentation into two general parts. The first part is going to address what the procedural posture means to this case because it's really not briefed because it's kind of weird how it's before the court today. And then the second part is going to address the substantive issues regarding why the court should reverse the district court decision to award fees in this case. So let's talk about the procedural posture and how we're here. And so this case emanated from PBT's decision to challenge the Town of Palm Beach's special assessment, which is really just another way of saying a tax. And so this kind of thing. Mr. Polenberg, you should assume we've read the briefs and so we understand the facts of this case and what has led to the lawsuit. Right. The only reason I raise that is because that's those three claims all seek the same relief. They are just alternative theories of recovery. And so that case then went to summary judgment and then appeal. While that appeal was going, the district court granted the fees motion. That appeal started. Then this court reversed on the state law of Florida constitution claim. And then we ended up with the affirming on the substantive due process and equal protection claim. And now we're here on the attorney's fee issue. So for PBT's perspective, it appears that there's two issues regarding a fees award. One, does the decision to reverse the state law claim that seeks the same remedy as the other two claims create a question as to whether the town was the prevailing party in the underlying case, which we can't decide because the district court hasn't made that determination at this issue because that wouldn't have been a right question since the district court rebuffed all of the plaintiff's claims in the underlying case. Let me ask you a quick question. Yes. What's going on in the case right now? Well, it's not in the record, Your Honor, but we've commenced a state law case in the, in Palm Beach County. I see. Under the Florida constitutional. It went back down to the state court and you're pursuing this at state court. Well, it went back down, but just to be clear, the district court dismissed it under 1367. It didn't remand it. So just for the procedural clarity for the record. So the question then is, as I said, is there a prevailing party in the district court or before this court, or does the court have to remand back to the district court to then figure out how to apportion the fees? These issues have not been decided by the district court in the first instance. And so because they're not decided by the district court in the first instance, I can't really argue them before your honors because there's no record to, to put before the court. But the United States Supreme court has made clear that if, if there is a substantive due process, I'm sorry. Yeah. Substantive due process or some, some claim that where it's a, the, the basis for fees is a frivolousness. Then the district court has to make a determination as to what, how much to apportion to the federal claims versus the non, the non claims that they didn't prevail on. And so in the first instance, we think that's a basis for the court to reverse the district court ruling on the fees award so that this matter could be concluded and then we can make those arguments before the court and that can be decided in the first instance. Let me ask you a question, which, so that you're, I mean, I think you're right. This is an unusual procedural posture where the district court entered this fee award and then got reversed basically on the substantive issue. Um, it seems like though what the district court was saying and perhaps most concerned about was that the same claims were the district court had, I think, dismissed one complaint and then the amending complaint was brought that had those dismissed claims back in it. Um, could you address that? Sure. And so that gets to a little bit more procedure. So the case was originally filed in state court. Um, there were federal claims that were amended onto the state court claim. Then the town removed the case to federal court under federal question and the court kept jurisdiction on the, um, Florida constitutional claim under 1367. And so, um, that case was then dismissed because the district court was now going to evaluate it under federal law. And that case got dismissed based on the removal. We then amended and brought claim under substantive due process. Um, court dismissed that claim again. We amended and then the case went on to summary judgment. Did I answer your question? Yeah, I, I, I guess, I guess my point is if, so to me, and maybe I'm wrong in the way I'm looking at this case, but to me it seems like there are sort of two questions for us on the underlying fee award issue. One is were your claims frivolous? And then two was, you know, let's say they weren't technically frivolous, but is the fact that you kept bringing them again after the district court dismissed them a problem that warrants fees? I understand your question. So, um, I would submit to the court those two federal claims that are at issue, right? And one is the substantive due process claim, the other equal protection claim. So, um, with this, with respect to the substantive due process claim, uh, and I, I maintain this today, it's hard to conceive of a situation in which a state, um, uh, entity, in this case, the town could enact a, a taxing statute, right? A legislative act that violates Florida's constitution and it not be a substantive due process claim. I understand what the court ruled when it revert, when it reversed the state law claim, but sustained or affirmed the, um, the, um, the, um, substantive due process claim. And I guess a decision that came after, um, uh, and, uh, it was, uh, decided by Judge Troflatt who was on the panel with our original appeal and Judge Troflatt at that point, um, basically decided that, um, there's almost no, uh, as applied substantive due process claim. The problem for the plaintiff here is that decision was rendered after the court entered summary judgment against the plaintiff in this case. And so, um, so that, that, that sort of is another procedural issue that we have here. So would you say that you were almost preserving your argument by continuing to approach the case in that way after the district judge advised you to try something different? Yes. Um, as, as this court decided on the appeal, this was an issue of first impression. The substantive due process thing, claim had never come before this court in this manner, right? Most of the time the substantive due process claim as it relates to real property issues usually comes up in the context of some sort of zoning ordinance, permitting, or some, some issue of, of that nature. This was an unusual circumstance in which it was the taxing authority of the, of the town. And that issue, although in other states it was upheld as a substantive due process claim, here it was not. And because, um, the town argued it was a matter of first impression and the panel would, recognizing it was a matter of first impression, it seemed, seemed to us that we didn't have clear authority to say, no, we didn't have a due process claim based upon a special assessment because there was nothing in the state of Florida on the 11th Circuit that said that was improper. And so we proceeded on that front and tried to convince Judge Middlebrooks that, that we had a basis to do that and we failed. There's no, no disputing that we failed. Um. Didn't the, didn't the Supreme Court say in 1981 that legislative facts on which the action is apparently based could not reasonably be conceived to be true by the governmental decision-maker? Didn't, isn't that what the Supreme Court said would be required for you to win on a claim like this? Actually, I don't believe that's exactly how we posited our claim. We're not submitting, in the underlying substantive claim, the substantive due process claim, we didn't suggest that any of the legislative facts that were the support for the finding, for the ultimate legislation was wrong. I think we would be, we would lose that case, right? Because the deference, the government, I'm sorry, the courts are not going to step into the legislative position and second-guess the legislature's decision on what the facts are. And I think that's that 1981 case that you're referring to. I think what we were saying, I think, I know what we were saying was, look, there is a special assessment and as it relates to PBT real estate, LLC's property, the special assessment confers no benefit on it, based on the legislation itself, how it was written. And the facts that we submitted in support of the motion of a summary judgment substantiated that point. And so, we were pursuing that claim. I believe what the district court was saying, and I'm not trying to interpret Judge Middlebrooks, but I think what he said for the substantive due process claim was that the town of Palm Beach has a legitimate purpose in undergrounding its power lines and its utility lines. He said that. I'm paraphrasing, but it's something along those lines. And how to pay for it is all legitimate purpose. And I don't disagree with that. And that's what Judge Middlebrooks took issue with me on. I don't disagree that it's a legitimate purpose to underground power lines. What I disagree with is that it's a legitimate purpose to violate the Florida Constitution in enacting that power of taxing when you're trying to pay for undergrounding the lines by imposing on people who do not gain a benefit the obligation to pay that tax. And that is the basis for the substantive due process claim. That issue was not decided in the 11th Circuit or Florida courts yet. I will tell you that the Florida Supreme Court has decided that a special assessment that confers no special benefit on a piece of property is unconstitutional under Florida law, which is why the court reversed the Florida constitutional claim. Yeah, so kind of go back to my question. So what I see happening here, and let's just think about this in terms of I have a complaint that's filed, and it raises some 1983 claim, and I dismiss with leave to amend, and then an amended complaint is filed with the same claim, and I dismiss with leave to amend and say, you just filed the same claim again. And then a third amended complaint is filed, and it has the same claim in it, and I dismiss it, and I finally say, look, I'm awarding attorneys fees because they keep having to file the same motion to dismiss your same claim that you keep 1983 fee shifting? Well, in your hypothetical, if the issue was related to, let's say, a zoning decision, I would agree with you. This issue had never been decided, and so I don't know that I agree, but if I may finish my thought, this issue wasn't decided on a motion to dismiss, right? And the district court didn't really say, you don't have a substantive due process claim. You actually don't have a claim. The district court said, you haven't pled enough facts to state the claim, and so we continue to add facts to state our claim. And the reversal on appeal wasn't to say that the claim was meritless. What the court was deciding was after the, I apologize, I don't have that case in front of me. The decision by Judge Toflat where the court basically steps away from the idea of a as applied doctrine for substantive due process. And so I would agree with you if that had been settled law, but it wasn't. And so to challenge a taxing authority's right to tax, a petitioner should be able to seek relief in court. And that relief, unless it's clearly unfounded under the law, is something that we should be able to test at the appellate level. The fact that we lost ultimately doesn't change that we had a basis for bringing that. And I'll repeat my, I didn't get to my equal protection argument, but I'll move on. I'll finish with substantive due process in answering your question. It's hard, Judge Newsom in the decision that was cited by Supplemental Authority wrote a concurrence. And the issue, and maybe this is the bigger point, and maybe this is the issue that Judge Middlebrooks was getting at, and it's maybe the underpinning of what you're asking, Judge Brasher. And that's this, is due process is odd to put the word substantive before it, right? Because the idea is you have a due process claim, which has certain connotations as to what that's talking about. And he cited Professor Ely for that proposition, that there's no word substantive before due process. The problem we have is that the United States Supreme Court hasn't eliminated a substantive due process claim under the 14th Amendment for states. And so PBT tested the town's authority to tax under the substantive due process doctrine under the 14th Amendment. And being there's no governing law that said he couldn't do that, I'm sorry, that PBT couldn't do that. It shouldn't be found to be frivolous because the courts are supposed to allow parties to challenge the government when they're exerting their taxing authority. Thank you. Thank you, Mr. Pollenberg. Mr. Dionne. Thank you, Your Honor. I may please the court, Ed Dionne from Neighbors Gibbon and Nickerson on behalf of the town of Palm Beach. Let me clarify one thing before we begin. Judge Middlebrooks order that we're here on today was entered only as to counts one and two of the complaint. And clearly the town was a prevailing party in accounts one and two as affirmed by this court in the substantive appeal. So there's no shifting involved here. There's no, since he didn't base his decision on or his frivolous determination on the count three, which is a state law claim, that shouldn't be an issue here. This case is really the poster child for frivolous cases. And the reason we say that is because we know that we have the three Sullivan factors and then we have the factor that was set forth in Busbee. And if you look at this case, I think Mr. Pollenberg clearly set out the procedural thing. We started out in state court. They came to us and moved for leave to amend to include these federal claims solely for the purpose, as we all know, in order to obtain attorney's fees, because you can't get attorney's fees on a state law claim challenging special assessment. So the claim is the substantive due process claim is dismissed twice. Summary judgments entered for failure to come forth with evidence supporting a finding that the town's resolution was arbitrary or irrational. And the resolution was rationally related to a legitimate government purpose. That is black letter substantive due process law. This isn't a case of first impression. This is a case of someone trying to shoehorn a state law claim into a federal claim solely for the purpose of trying to obtain attorney's fees under 1983. Under the Sullivan factors, this court unanimously agreed with the decision. There was no evidence in the record that the town ever offered to settle, and the judgment was clearly entered before trial. As I was saying, the law and substantive due process is so clear that neither the district court nor this court had to grapple with a novel area of the law, nor did the appellant provide any case law supporting its claims. I'd read from the court's opinion in this case. It says, PBT has also failed to produce evidence sufficient to demonstrate that the town's determination that all of the properties, all of the properties located within the underground utility assessment area benefited from the project in the form of enhanced security, reliability, and aesthetics was arbitrary and capricious. So this court already determined the fact that they didn't provide any evidence to show that the determination that they're challenging in state court was arbitrary and capricious. Clearly, black letter, substantive due process law. I know counsel didn't get to the equal protection claim, but that's equally as frivolous for the same reasons. The claim- So let me ask you about that. So this case was resolved at summary judgment. It was resolved on appeal to us after oral argument and a published opinion. It just seems very odd to characterize what happened as the disposition of a frivolous claim, given that it went the whole way to summary judgment ultimately. And then, you know, the appeal to us was resolved after oral argument and a published opinion. What do you say about that? Well, I think that Judge Middlebrooks made that determination based upon the information that was available to him at the time. This order is coming to you on abuse of discretion standard. I think this court has clearly set forth what the factors are for you to consider, and I believe that we've ticked off all of those boxes. I understand procedurally, but counsel, I assume, could have moved this court to further brief the issues after the plenary appeal was completed, but chose not to do that. So they're relying upon the briefs that they filed in this case. Yeah, but I mean, isn't one of the factors that you're supposed to consider, and correct me if I'm wrong, but that you're supposed to consider in awarding fees is whether something was frivolous, whether it received careful attention and review by the courts. I guess that's what I'm suggesting. I mean, you know, it's not unusual for a plaintiff to make a facially meritorious claim and then show up at summary judgment and not have any evidence to support it after discovery. I mean, that's a standard thing that happens. It seems not necessarily frivolous when that happens. Well, you know, we get to that factor that you're talking about in the Busbee case, and that was Busbee versus City of Orlando, I believe. In that case, one of the judges in the appellate panel disagreed over the disposition of directed verdict. But in this case, you know, the decision of this court was unanimous. So, and it didn't, it doesn't, they're not referring to any cases that weren't available to the plaintiff at the time that they filed these cases. They knew that they had to plead and prove that it was rational or arbitrary, and they didn't do it. What about the argument that there was no, they were trying to pursue an as-applied theory, and there was no binding case law on that? Yeah, I, they didn't, they never pled it that way, Your Honor. You know, they kept pleading it on the basis that there's no special benefit to them. You know, whereas that's not the standard for substantive due process. They've not provided any case law to the court, either before or after, that demonstrates that a, that a, I'm sorry, that a special assessment can rise to the level of a substantive due process claim. And clearly, clearly, their equal protection claim is clearly frivolous. I mean, the judge gave them three opportunities, and they didn't take heed of what the court was trying to tell them in the orders that they previously had done. I think this case is a lot like Beach Blitz, which was just decided and we sent in a supplemental authority, where Judge Marcus was writing for the court, where two of the three claims, procedural and substantive due process, were determined to be frivolous, and the case was remained to the district court for determination fees. I think all of the other cases that, that find that it wasn't frivolous are clearly distinct from the one, the facts that we have in this case. And we would respectfully request that you affirm the court's order. Thank you very much. Mr. Pollenberg, you have two minutes left, and two minutes goes quickly. Yes, Your Honor. Thank you. And I just want to address a couple points. The fact that PBT brought a claim on substantive due process regarding how the town was, whether the town was conferring a special benefit by definition is as applied. And so I respectfully disagree with Mr. Dion on his point there. The procedural posture of this case would be patently unfair for PBT to pay fees and then win in the front of the Palm Beach County Court, right? On the idea that this case now is somehow the town prevailed on the federal claims. And on the same theory of liability, the same underlying special assessment, wins on the constitutional claim, all of which was before one court and now is not. And the prevailing party issue is the total of the claim, not just each individual claim. And for that reason, we respectfully request the court reverse the district court's ruling, granting the fee award. Thank you. Thank you both very much. We have your case under.